United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40120
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RICARDO SANCHEZ-ROMERO,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-02-CR-484-ALL)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Ricardo Sanchez-Romero appeals his

conviction on a charge of possession with intent to distribute in

excess of 1000 kilograms of marijuana.  He argues that, because the

marijuana was well hidden in the trailer that his vehicle was

pulling, the government failed to show more than mere control of

the vehicle, which it was required to do under the circumstances.

    As the marijuana was in boxes that were located in the middle

of the vehicle's legitimate load, we deem the marijuana to have

———————————

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been hidden.  As such, knowledge of its presence can be inferred from the driver's exercise of control over the vehicle in which the drugs are hidden only if, in addition to presence of the contraband, there is additional circumstantial evidence that is either suspicious in nature or demonstrates guilty knowledge.  See United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993).  Here, the record evidence demonstrates that Sanchez-Romero engaged in several types of behavior that in the past we have relied on as evidence of guilty knowledge.  See United States v. Moreno, 185 F.3d 465, 472 n.3 (5th Cir. 1999).

First, Sanchez-Romero made implausible statements.  See United States v. Cano-Guel, 167 F.3d 900, 905 (5th Cir. 1999).  Although he conceded that, even considering the time consumed during his stop for breakfast, he should have reached the Mexican border between 8:40 and 8:50 a.m., he failed to offer any explanation for his not having done so until 9:45 a.m.  This unexplained lapse of time is particularly significant in light of testimony that loading the six boxes of marijuana into the trailer would only have taken between 15 to 30 minutes.

Second, the marijuana in Sanchez-Romero's trailer weighed more than 6,000 pounds.  It is unlikely that a drug trafficker would have entrusted such a large quantity of drugs to an unknowledgeable and unsuspecting truck driver.  See United States v. Garcia-Flores, 246 F.3d 451, 455 (5th Cir. 2001).

2

Sanchez-Romero also possessed a large amount of cash.  See United States v. Ortega Reyna, 148 F.3d 540, 547 (5th Cir. 1998). Although he and his wife proffered a plausible explanation for his carrying such a large amount of cash, i.e., that he had cashed several checks to buy spare parts, Sanchez-Romero did not offer any documentary support for his explanation of the source of the money.

Additionally, there were obvious or remarkable alterations to the trailer.  At the border crossing, the trailer was not sealed, as it had been, and the marijuana was in cardboard boxes that bore no labels identifying the manufacturer or the owner.

When viewed in the light most favorable to the verdict, the combination of the presence of the marijuana in the trailer and this additional circumstantial evidence is sufficient for a jury reasonably to infer that Sanchez-Romero had the requisite guilty knowledge to support the verdict.  Sanchez-Romero's conviction is AFFIRMED.